UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVERILDO GARCIA,

    Petitioner,

v.                                                                  Case No.:  8:10-cv-1776-T-24
                                                                              8:02-cr-435-T-24

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

        This cause is before the Court upon Petitioner Everildo Garcia's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.1; CR Doc. No. 623).   Because review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.  Background**

        Petitioner pled guilty to the charge of conspiracy to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a fishing vessel subject to the jurisdiction of the United States.  He was sentenced on June 25, 2003 to life imprisonment, and judgement was entered on June 27, 2003.  (CR Doc. No. 330).  He filed a notice of appeal of his conviction and sentence on July 2, 2003.  (CR Doc. No. 340).  However, the appeal was dismissed for lack of prosecution on November 14, 2003, because a brief was not filed in support of his appeal.  (CR Doc. No. 486).

Thereafter, on June 25, 2004, Petitioner filed a § 2255 motion, which was stricken by the Court. (CR Doc. No. 529). On July 21, 2004, Petitioner filed an amended § 2255 motion. (CR Doc. No. 531). On November 29, 2004, the Court denied Petitioner's amended § 2255 motion. (CR Doc. No. 558). Almost six years later, on August 9, 2010, Petitioner filed a second § 2255 motion. (CR Doc. No. 623).

## II. Discussion

Petitioner asserts one ground in support of his contention that he is entitled to relief under § 2255–that his appellate counsel was ineffective for failing to file a brief in support of his appeal. However, because his current § 2255 motion is untimely and a successive filing, the motion is denied.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for § 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002)(citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner appealed his conviction, and the Eleventh Circuit dismissed the appeal on

2

November 14, 2003.  As such, his conviction became final ninety days later, when the time for filing for a writ of certiorari expired.  See U.S. v. Gentry, 432 F.3d 600, 604 n.2 (5th Cir. 2005); Brandon v. McNeil, 2009 WL 559530, at *4 (N.D. Fla. Mar. 4, 2009)(citations omitted).  Since the one-year limitations period for filing a § 2255 motion expired on February 12, 2005, the instant § 2255 motion is untimely and must be denied.

### B.  Successive Filing

Additionally, this motion must be denied because it is a successive filing.  Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court.  No such certification was obtained in this case.

### III.  Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 623) is **DENIED** as time-barred and as a successive filing.  The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.


### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To

make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of August, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner